DAVID W. GERMAN (SBN 252394)
Email: dgerman@navlaw.net
NEWMAN.AARONSON.VANAMAN LLP
14001 Ventura Boulevard
Sherman Oaks, CA 91423
Telephone: (818) 990-7722
Facsimile: (818) 501-1306

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.R., a minor, by and through his guardian ad litem R.R.,<br><br>Plaintiff,<br><br>vs.<br><br>REDONDO BEACH UNIFIED SCHOOL DISTRICT, a local educational agency,<br><br>Defendant. | CASE NO.: 2:20-cv-6307<br><br>**COMPLAINT FOR:**<br><br>1. Appeal of Special Education Administrative Hearing Decision Arising Under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. |

## INTRODUCTION

1. Plaintiff D.R. brings this action following an administrative hearing decision ("Decision") rendered by the California Office of Administrative Hearings ("OAH") in a special education administrative hearing under the Individuals with Disabilities Education Improvement Act ("IDEA") 20 U.S.C. §§ 1415 et seq., and designated as OAH case no. 2019080965. The Decision was issued on April 17, 2020.

2. Plaintiff brings this action to reverse the Decision in OAH case no. 2019080965 with respect both issues decided therein. Additionally, Plaintiff seeks to compel Defendant to provide Plaintiff with an appropriate educational program in the least restrictive environment appropriate to meet his needs in accord with 20 U.S.C. section 1412(a)(5) and to reimburse Plaintiff's parents for the costs of privately obtained educational services which they were forced to obtain in light of the deficiencies in District's educational program. Plaintiff also seeks to recover attorneys' fees and expenses incurred in connection with the underlying administrative proceeding and this action pursuant to 20 U.S.C. § 1415(i)(2)(B).

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1343, which afford original jurisdiction over actions arising from federal questions under the Constitution or laws of the United States, including the Individuals with Disabilities Education Act (IDEA) (20 U.S.C. § 1415(e)).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because all the events which are the subject of this complaint took place within the Central District of California, in which the District is situated and Plaintiff resides.

5. D.R. has exhausted all administrative remedies.

## PARTIES

6. Plaintiff D.R. is a minor and a resident of the city of Redondo Beach, California. At all times relevant to this action, he has resided with his parents within

1  the boundaries of the Redondo Beach Unified School District.  D.R. qualifies as an individual with a disability for purposes of the IDEA.  He qualifies for special education services under the IDEA on the basis of Autism.  Plaintiff is under the age of 18 and brings this action through his guardian ad litem, R.R.

7.  Defendant Redondo Beach Unified School District ("District," or "RBUSD") is a public local educational agency and a public entity under the laws of the State of California, and is located in Los Angeles County, California. The District is a local educational agency organized pursuant to the applicable provisions of the California Education Code and charged by federal and state law with providing students with disabilities who live within its boundaries with a free and appropriate educational program.

**PROCEDURAL HISTORY**

8.  Plaintiff filed a due process hearing request with the California Office of Administrative Hearings on August 26, 2019, naming Redondo Beach Unified School District as Respondent.  Plaintiff's case was numbered OAH case no. 2019080965.

9.  A hearing was held before Administrative Law Judge Ted Mann on January 28, 29, 30, 2020, and February 18, 2020.  A Decision, appealed here, was rendered by ALJ Mann on April 17, 2020.  A true and correct copy of the Decision is attached to this complaint as Exhibit "A" and incorporated herein by reference.

**FIRST CAUSE OF ACTION**

**(Appeal of Special Education Administrative Decision Arising Under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, Against District)**

10.  Plaintiff incorporates by reference herein and repeats as though set out in full paragraphs 1 through 9.

11.  The Decision below was not based upon a careful and impartial consideration of all the evidence.  The Administrative Law Judge failed to consider

all of the evidence presented, reached erroneous conclusions of law, and otherwise failed to issue a decision that is careful and impartial.  With respect to evidence, the ALJ failed to address undisputed expert testimony and research findings that the segregated program proposed by the District would provide less academic benefit to D.R. that the program he had been receiving.

12. The ALJ's application of relevant precedent to the facts he did consider was equally idiosyncratic.  The main issue decided in the case below was whether District denied student an appropriate educational program by failing to offer him a program in the least restrictive environment appropriate to meet his needs as required by the IDEA.  The ALJ's application of the four part balancing test articulated in *Sacramento City Unified Sch. Dist. V. Rachel H.*, 14 F.3d 1398 (9th Cir. 1994) was completely contrary to law.  Specifically, although the ALJ explicitly found that D.R. had made "undisputed progress . . . on his academic goals" during the period at issue, he denied student continued placement within a general education environment for the majority of his day on the basis that he had not established that his academic progress was attributable to his time within a general education class as opposed to the limited period during which he was provided with academic instruction outside the general education class.  Such a reading of the law directly contradicts the requirement that school districts are required to provide each special education student with a program in the least restrictive environment and remove students "from the regular education environment . . . only if the nature or severity of the disability is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily." (20 U.S.C. §1412(a)(5)(A); Ed. Code, § 56031.)  The fact that a student's academic progress may be attributable, in whole or in part, to the "supplementary aids and services" that are a part of his overall program in no way entails that he should be removed to a more segregated program.

13. As the Decision below is contrary to clearly established law, Plaintiff seeks this Court's de novo review and reversal of the Decision with respect to both

issues decided, and the issuance of appropriate relief.

## PRAYER FOR RELIEF

Plaintiff prays this Court provide the following relief:

1. An Order reversing the OAH Decision in this matter;
2. An order compelling District to provide Plaintiff with an appropriate educational program in the least restrictive environment appropriate to meet his needs in accord with 20 U.S.C. section 1412(a)(5);
3. An order compelling District to reimburse Student's parents for the costs of privately obtained educational services;
4. An order compelling District to provide Student with compensatory educational services;
5. An Order awarding attorneys' fees and costs incurred in litigating both the administrative due process complaint and the instant action pursuant to 20 U.S.C. § 1415(i)(2)(B); and,
6. An Order awarding such other and further relief as the Court deems just and proper.

Dated: July 12, 2020

Respectfully submitted,
Newman Aaronson Vamanan LLP

/s/

David W. German, Attorney for D.R.